```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**FRANCISCO S. RODRIGUEZ,**

            Plaintiff,

                                   CIVIL ACTION
     vs.                             No. 05-3345-SAC

**LOUIS E. BRUCE, et al.,**

            Defendants.


ORDER

By its earlier order (Doc. 4), the court directed plaintiff to submit an initial partial filing fee of $181.50. Plaintiff filed a response (Doc. 5) in which he states that his funds have been garnished and that he currently has a negative balance in his institutional account. The court has considered the response and grants leave to proceed in forma pauperis without an initial partial filing fee.

**Background**

Plaintiff states that on March 30, 2005, Officer Shaw confiscated a Catholic scapula from him. On the same date, plaintiff informed the Unit Team that the item had been confiscated and requested that it be returned to him.

Plaintiff also claims that Officer Shaw continued to penalize him by addressing him on the yard, stating that the item would not be returned and plaintiff could do nothing about it.

Plaintiff contends these actions violate his rights under the First, Eighth, and Fourteenth Amendments. He seeks declaratory and injunctive relief and damages.

Plaintiff submits copies of grievances he filed concerning the loss of the property. The responses to the grievances state that the item was not received by the Pastoral Care Department. The Clinical Chaplain suggested to the plaintiff that the property claim procedure might be of use, and it appears plaintiff filed such a claim. It does not appear that he filed administrative grievances on his remaining claims alleging the violation of his religious freedom or the taunting language allegedly used by Officer Shaw.

## Discussion

The court finds the gravamen of the complaint is the claim that a corrections officer confiscated personal property from plaintiff and caused him to be permanently deprived of that property in violation of due process.

If an adequate state remedy is available for the deprivation of property, a plaintiff cannot state a claim based upon

2

a due process violation.  See Hudson v. Palmer, 468 U.S. 517, 5313-33 (1984).  See also Durre v. Dempsey, 869 F.2d 543, 548 (10th Cir. 1989)(affirming dismissal of a due process claim arising from deprivation of property, "to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation [and]...the lack of an adequate state remedy").

The record reflects that Dr. Paul Till of the Pastoral Care Department suggested to the plaintiff that he might pursue a property claim (see grievance response dated 5/3/05, Doc. 1, attach.), and the plaintiff filed such a claim (Doc. 1, p. 5). Plaintiff has not shown that the property claim remedy is inadequate.  Accordingly, plaintiff's claim of a due process violation must be denied.

Plaintiff's remaining claims, alleging a denial of religious freedom, cruel and unusual punishment, and a denial of equal protection, were not properly exhausted by presentation through the administrative grievance procedure.  That failure requires the dismissal of these claims.  Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004)("the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice").

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's claim of a due process violation is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's remaining claims are dismissed without prejudice due to plaintiff's failure to pursue administrative grievances.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and his motion for the appointment of counsel (Doc. 3) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 28th day of February, 2005.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

4